IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY LAMONT ROBERTS, #129443                                 PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:19-cv-530-CWR-FKB

MANAGEMNT & TRAINING
CORPORATION                                                       DEFENDANT

## REPORT AND RECOMMENDATION

This case is before the Court on the Motion for Summary Judgment [40] filed by Defendant Management and Training Corporation ("MTC"). Plaintiff filed no response to the motion. Having considered this matter, the undersigned recommends that Defendant's motion be granted.

### I.     Factual Background

Plaintiff Jimmy Lamont Roberts is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") who has brought suit pursuant to 42 U.S.C. §1983 and under the Prison Litigation Reform Act ("PLRA"). Plaintiff currently resides at Central Mississippi Correctional Facility ("CMCF"), but at the time of the alleged incident giving rise to this legal action, Plaintiff was housed at East Mississippi Correctional Facility ("EMCF").

Plaintiff alleges that on or about March 25, 2017, he was raped while "in a dead sleep" and "unconscious." [1] at 4-6; [13] at 2; [40-1] at 6-9.[1] Plaintiff claims that an inmate raped him and a prison officer somehow participated. [40-1] at 6-9. He testified that he does not know their names, but the inmate goes by the nickname, "Lil Bussi." *Id*. at 6-7.[2] Plaintiff further testified that since

---

[1] Plaintiff's filings allege multiple instances, spanning several years, of being raped while in a "dead sleep." *See* [1] and [13]. However, during omnibus hearings, Plaintiff affirmed that he brought this case in relation to an alleged rape on March 25, 2017, at EMCF. [30] at 1; [40-1] at 6.

[2] In one of his filings, Plaintiff claimed that in addition to "Lil Bussi" (or "Lil Boosie," as spelled by Plaintiff), another inmate who went by the nickname, "Shock G," was involved in the rape. [13] at 2. Plaintiff's complaint alleges that multiple officers have been somehow involved in other sexual assaults

1

he was unconscious at the time, he cannot describe what happened. *Id*. at 6-9. As Plaintiff explained, "I'm not aware what is going on when I'm unconscious." *Id*. at 9.

Plaintiff also testified that he has been admitted to several different mental hospitals in Mississippi and other states, since he was 15 years old. *Id*. at 9. Defendant submitted certified portions of Plaintiff's medical/mental health records from MDOC, as well as records from his MDOC Administrative Remedy Program ("ARP") file. *See* [40-4]; [40-5]. These documents show that Plaintiff has a significant history of reporting that he has been raped, often while asleep. *See* [40-4] at 3 (reported on 12/17/2015 that officers and inmate raped him); [40-5] at 4-8 (filed grievance on 4/8/2015 claiming that officers were "raping [him] every night"); *Id*. at 9-13 (filed grievance on 4/26/2015 claiming inmate sexually assaulted him); *Id*. at 14-26 (filed grievance on 10/30/2015 claiming inmate sexually assaulted him while asleep); [40-4] at 5-9 (reported on 1/20/2016 that cell mate sexually assaulted him, but later admitted that "no rape or sexual abuse" occurred); *Id*. at 11-16 (reported on 11/16/2016 that inmates and officers were raping him when he and his roommate were "dead asleep"); [40-5] at 27-30 (filed grievance on 11/17/2016 claiming inmates and officers sexually assaulted him while asleep); [40-4] at 29 (reported on 3/8/2017 that he had been sexually assaulted "in his sleep . . . from dec 2016 to march 2017"); *Id*. at 31 (reported on 6/6/2017 that inmate sexually assaulted him, while at Mississippi State Penitentiary); *Id*. at 49 (reported on 9/13/2018 that he was raped while asleep at Wilkinson County Correctional Facility); and *Id*. at 59 (reported on 4/19/2019 that he was being raped "everytime I go to sleep," while at CMCF).

---

on him; it is unclear whether he intends to claim that more than one officer was somehow involved in the alleged March 25, 2017, rape. [1] at 4-6.

Plaintiff has sued MTC for failure to protect him from the sexual assault. MTC has moved for summary judgment on the grounds that Plaintiff failed to exhaust his available administrative remedies prior to filing suit and has failed to show a violation of his constitutional rights.

## II.     Summary Judgment Standard

"The court shall grant summary judgement if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.) cert. denied, 525 U.S. 1054 (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.     Analysis

### A.  Plaintiff's Failure to Exhaust Administrative Remedies

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies prior to filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a jurisdiction prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement - the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16-cv-82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec. 16, 2016).

"Proper exhaustion is determined by reference to the state grievance procedures." *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (citing *Woodford*, 548 U.S. at 217-218). Pursuant to Miss. Code Ann. § 47-5-801, the MDOC has established a two-step ARP program that prisoners must exhaust prior to filing suit under the PLRA. *Carroll v. Lee*, Civil Action No. 4:16-cv-157-MPM-RP, 2017 WL 2704121, at *3 (N.D. Miss. June 22, 2017). "The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident," and if the inmate is dissatisfied with the response, "he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator." *Id.* (citing *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013)). "If the inmate is unsatisfied with that response, he may file suit in state or federal court." *Id.*

4

In support of its motion, MTC submitted an affidavit from Tina Bolden, the ARP Coordinator at EMCF. [40-5]. Although Bolden testifies about grievances submitted by Plaintiff alleging other instances of sexual assault, she attests that he "has not submitted any grievances regarding an alleged sexual assault in March 2017 on Housing Unit 5-B, as described in the above-referenced lawsuit." *Id.* at 3. The undersigned acknowledges that Plaintiff attached a completed ARP grievance form, dated March 25, 2017, to his complaint. *See* [1] at 7. However, even assuming Plaintiff properly submitted the attached grievance in the ARP process, Plaintiff has failed to show that he pursued the grievance beyond the first step of the two-step process.

Accordingly, based on the evidence before the Court, the undersigned finds that Plaintiff did not complete the MDOC ARP process on the claim asserted in this case. The undersigned, therefore, recommends that MTC's motion be granted for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

**B. Plaintiff's Failure to Establish a Constitutional Claim against MTC**

Plaintiff sued no individual actors in this case, only MTC, a corporate entity. Under §1983, MTC does not have vicarious liability for the actions or inactions of its employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); *see also Reed v. Mgmt. & Training Corp.*, Civil Action No. 3:14-cv-452-LRA, 2016 WL 1050739, at *3 (S.D. Miss. Mar. 16, 2016). Rather, liability against MTC under § 1983 "requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); *see Green v. Mgmt. & Training Corp.*, Civil Action No. 3:17-cv-149-MPM-JMV, 2019 WL 3557348, at *2 (N.D. Miss. Aug. 5, 2019).

Plaintiff has failed to make the requisite showing on any of the three elements. As to the first two elements, he has not identified a policymaker or an official policy. This alone is fatal to

5

his claim. But Plaintiff has also failed to show that his constitutional rights were violated, much less that any policy or custom of MTC was the "moving force" of any such violation.

"To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir.1998)). According to evidence submitted by MTC, Plaintiff neither submitted a sick call request nor a grievance in relation to an alleged sexual assault on March 25, 2017. But records show that when Plaintiff had submitted sick call requests or grievances for sexual assaults that allegedly occurred on *other* dates at EMCF, Plaintiff received treatment,[3] an investigation ensued,[4] and Plaintiff was sometimes moved to a different cell or housing unit. *See* [40-4] at 3-30; [40-5]. In fact, on March 25, 2017, Plaintiff was housed in "Unit 5-B, a long-term segregation unit where inmates are housed in single-man cells." [41] at 9; [40-2] at 1; [40-4] at 24. In sum, Plaintiff has failed to show any deliberate indifference by MTC to a substantial risk of serious harm to him.

Accordingly, Plaintiff has failed to present evidence on the essential elements of a § 1983 claim against MTC. The undersigned, therefore, recommends that MTC's summary judgment motion be granted for failure to establish a constitutional claim.

## IV.   Conclusion

For the reasons stated above, the undersigned recommends that MTC's summary judgment motion [40] be granted.

---

[3] The treatment records submitted contain no reference to any physical signs of rape or sexual assault. *See* [40-4] at 3-16, and 29-30.

[4] The investigations referenced in the documents submitted found Plaintiff's claims of rape or sexual abuse unfounded. [40-5] at 7, 17, 20-24, and 29.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of February, 2021.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE