IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY LAMONT ROBERTS, #129443                            PLAINTIFF

V.                                    CIVIL ACTION NO. 3:19-CV-530-KHJ-FKB

MANAGEMENT & TRAINING CORPORATION                DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge F. Keith Ball. [44]. The Report recommends that the Court grant Defendant Management & Training Corporation's ("MTC") Motion for Summary Judgment [40]. Written objections to the Report were due by February 16, 2021. Plaintiff Jimmy Lamont Roberts timely filed objections.

The Court reviews de novo the portions of the Magistrate's Report to which Roberts objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

Roberts brings claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while incarcerated at East Mississippi Correctional Facility. Report [44] at 1. Under the Prison Litigation Reform Act of 1995, any prisoner

seeking to bring an action under § 1983 for prison conditions must first exhaust administrative remedies. 42 U.S.C. § 1997e(a)(Supp. 2000); *see also Booth v. Churner*, 532 U.S. 731, 740-41 (2001). A person must seek administrative remedies prior to filing suit. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The Court has no discretion to excuse a failure to exhaust administrative remedies and must dismiss non-exhausted claims. *Id.*

The Magistrate Judge entered his Report and Recommendation, finding Roberts failed to exhaust administrative remedies for his claim. [44] at 5. The Magistrate Judge further found that Roberts could not establish that MTC was liable for the actions of its employees. *Id.* at 5-6. Based on these findings, the Magistrate Judge recommended this Court grant MTC's Motion for Summary Judgment [40]. *Id.* at 6.

Roberts does not object to the Magistrate Judge's finding that he failed to exhaust his administrative remedies. Instead, he states that MTC can be liable for the actions of its employees because Phil Bryant, the former governor of Mississippi, is the official policymaker. Objection [45] at 1. Even if this objection were valid, Roberts' failure to exhaust administrative remedies is sufficient to justify granting MTC's Motion for Summary Judgment [40].

After review of the record, the Court, being fully advised in the premises, finds that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [44] of United States Magistrate Judge F. Keith Ball, entered in this cause should be, and the same is, adopted as the finding of this Court. MTC's Motion for Summary Judgment is GRANTED. This action is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 23rd day of February, 2021.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE